# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE MARY HARPER,

      Debtor,

MARY HARPER,

      Plaintiff,

v.

SPORTSMED ORTHORPAEDIC
SPECIALISTS, P.C. D/B/A
SPORTSMED ORTHOPAEDIC SURGERY
& SPINE CENTER,

      Defendant.

Bankruptcy Case Number
19-81280-CRJ-13

Adversary Proceeding No.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Mary Harper ("Harper"), makes the following allegations in her complaint against the Defendant, Sportsmed Orthopaedic Specialists, P.C. d/b/a Sportsmed Orthopaedic Surgery & Spine Center ("Sportsmed").

### Parties, Jurisdiction, and Nature of Action

1. Harper is the debtor in the above-referenced Chapter 13 bankruptcy case which was commenced on April 25, 2019. Sportsmed is a corporation organized and existing under the laws of the State of Alabama. At all times material to this complaint, Sportsmed regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Harper did business with Sportsmed within this district and division, and it is these business transactions that give rise to this litigation.

2. Sportsmed is listed as a creditor in the schedules filed by Harper.

3. Despite having both notice and actual knowledge of the commencement of Harper's case, Sportsmed sent Harper a letter dated 12/17/2019 in an effort to collect a pre-petition debt owed by Harper to Sportsmed. The letter references her account number and a TOTAL AMOUNT NOW DUE. The Plaintiff asserts that this letter is not for informational purposes, but has the sole intention of coercing payment from Harper. There being no other reason to contact the debtor regarding an unsecured debt.

4. Harper brings this action to recover the actual damages she has sustained as a result of the defendant's willful violation of the automatic stay in this case and to recover punitive damages from the defendant for that violation.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Harper's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Harper and Sportsmed. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

**Claim – Violation of the Automatic Stay**

6. Harper incorporates by reference the allegations in paragraphs one through five of this complaint.

7. Sportsmed is listed as a creditor in Schedule F of the bankruptcy case filed by Harper.

8. As a result of Sportsmed being listed as a creditor in the schedules filed by Harper, the defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Harper's bankruptcy case.

9. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Harper's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Sportsmed from attempting to collect from Harper any pre-petition obligation owed by Harper to Sportsmed.

10. Despite the imposition of the automatic stay by the commencement of this case and having both notice and actual knowledge of the commencement of this case, Sportsmed contacted Harper by letter in an attempt to collect from her a pre-petition obligation owed by Harper to Sportsmed.

11. The actions of Sportsmed violate 11 U.S.C. §362 as set forth in this complaint.

12. Harper has sustained injury and damage as a result of the defendant's violation of the automatic stay.

13. Sportsmed's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), Harper is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Sportsmed for its willful and intentional violation of the automatic stay. The letter is likely emblematic of a systematic abuse where this creditor has made a business decision that it is cheaper to violate the Stay than to abide by it.

15. Harper was emotionally distressed as a direct and proximate result of the defendant's behavior.

**WHEREFORE**, Harper asks this court to enter an order:

(A) Awarding Harper compensatory damages against Sportsmed including the reasonable attorney's fees and costs incurred by Harper in the preparation and prosecution of this adversary proceeding;

(B) Awarding Harper punitive damages against Sportsmed for its willful and intentional violation of the automatic stay, such damages being intended to instill in Sportsmed and other creditors due respect for this court and its orders and to deter them from taking similar action against Harper and similarly situated debtors in the future; and

(C) Granting Harper any additional or different relief this court deems appropriate.

Dated: 01/29/2020

Respectfully submitted,

/s/ John C. Larsen_____
John C. Larsen
Attorney for the debtor/plaintiff,
Mary Harper

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com